UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UTAH FOAM PRODUCTS, INC., on behalf of itself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 2:18-cv-00858-LPL ) ) |
| v. | ) ) |
| BAYER A.G., et al., | ) ) |
| Defendants. | ) ) |

**AGREED MOTION TO EXTEND ALL DEADLINES UNTIL AFTER THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION RULES ON <u>PENDING MOTION FOR TRANSFER</u>**

Plaintiff Utah Foam Products, Inc. ("Plaintiff") and Defendants BASF Corporation, Bayer Corporation, Covestro LLC, Dow Chemical Company, Huntsman Corporation, Huntsman International LLC, Mitsui Chemicals America, Inc., MCNS Polyurethanes USA Inc., and Wanhua Chemical (America) Co., LTD. (collectively, "Moving Defendants,"[1] and together with Plaintiff, the "Movants"), respectfully request that this Court extend all deadlines and stay the proceedings in this matter until 28 days after the Judicial Panel on Multidistrict Litigation ("JPML") rules on Plaintiff's pending Motion for Transfer and Consolidation of Related Actions to the Western District of Pennsylvania for Coordinated or Consolidated Pretrial Proceedings. The Movants state the following in support:

1. This case is one of four related putative class actions filed in four different jurisdictions alleging that the named defendants in those actions, including the Moving Defendants, entered into an unlawful price-fixing conspiracy with respect to Methylene Diphenyl Diisocyanate ("MDI") and Toluene Diisocyanate ("TDI"). The other three actions include: *Isaac*

---

[1] The Moving Defendants include the named defendants in this action that have been served with the Complaint.

*Indus., Inc. v. BASF Corp., et al.*, Case No. 18-cv-12089 (E.D. Mich., filed July 3, 2018); *C.U.E., Inc. v. BASF A.G., et al.*, Case No. 18-cv-11439 (D.N.J., filed July 6, 2018); and *Emma Chemicals Co., Inc., v. BASF SE, et al.*, Case No. 18-cv-2958 (E.D. Pa., filed July 16, 2018).

2.    On July 10, 2018, Plaintiff filed with the JPML a Motion for Transfer and Consolidation of Related Actions to the Western District of Pennsylvania for Coordinated or Consolidated Pretrial Proceedings ("Motion for Transfer"). **Ex. 1**.

3.    Pursuant to the JPML's Notice of Filing and Publication Briefing Schedule, all responses to Plaintiff's Motion for Transfer must be filed with the JPML on or before August 1, 2018. **Ex. 2**.

4.    On July 18, 2018, the plaintiff in the *Emma Chemicals* case filed with the JPML an opposition brief requesting that the JPML transfer and consolidate the cases in the Eastern District of Pennsylvania. **Ex. 3.**

5.    The Movants anticipate that the JPML will hear Plaintiff's pending Motion for Transfer and Consolidation of Related Actions during the hearing session on September 27, 2018. *See* JPML Hearing Information, www.jpml.uscourts.gov/hearing-information. The Movants expect the JPML to issue an order shortly thereafter determining whether the cases will be centralized and, if so, the court to which they will be transferred.

6.    In light of Plaintiff's pending Motion for Transfer, the Movants respectfully request that this Court extend all deadlines and stay the proceedings with respect to all parties—including, without limitation, all conferences and hearings, all deadlines for the filing of motions, briefs, or responsive pleadings, all deadlines to assert defenses under Rule 12(b) of the Federal Rule of Civil Procedure, and all discovery, including any deadlines for service of discovery or initial disclosures or for meetings of counsel under Fed. R. Civ. P. 26—until 28 days after the

JPML decides Plaintiff's Motion for Transfer. The Movants agree that, if discovery proceeds in another District, or if an answer is provided in another District, the stay in this matter should be lifted for the limited purpose of allowing the same action to occur in this District.

7.   It is well settled that "[a] district court has the inherent power to stay its proceedings." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (*quoting Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). Indeed, courts routinely exercise their inherent power to stay actions where, as here, motions to transfer and consolidate are pending before the JPML. *See, e.g.*, *Smith v. Life Investors Ins. Co. of Am.*, 2008 WL 2222325, at *1 (W.D. Pa. May 29, 2008) (granting motion to stay pending JPML ruling on motion to transfer because "the length of the stay is relatively short, is easily measurable and is directly tied to a tangible event" and not granting the stay "would contradict the principles underlying multi-district litigation"); *Pennsylvania ex rel. Kane v. McGraw-Hill Cos., Inc.*, 2013 WL 1397434, at *4 (M.D. Pa. Apr. 5, 2013) (granting motion to stay while explaining that "[c]ourts often stay proceedings pending action by the JPML to preserve judicial resources and to ensure consistency in the disposition of like matters"); *Rivers*, 980 F. Supp. at 1362 ("[I]t appears that a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel.") (citations omitted); *Ates v. Delta Air Lines, Inc.*, 2015 WL 5774979, at *4 (E.D. La. Sept. 30, 2015) (granting motion to stay pending JPML ruling on pending motion to consolidate).[2]

8.   The Movants agree that the requested extension and a stay of all proceedings until 28 days after the JPML rules on Plaintiff's Motion for Transfer will further the policies of

---

[2]   *See also* Multidistrict Litigation Manual, § 3:15 (2018 ed.) ("District courts have . . . readily stayed proceedings pending a Panel decision"); 15 Wright, Miller, & Cooper, Federal Practice And Procedure § 3866.1 (4th ed. 2018) ("[A] transferor court has discretion to stay proceedings pending a decision by the Panel regarding transfer. This is especially prudent when a stay would further the policies of judicial economy, efficiency, and consistency that are deeply embodied in the MDL statute.").

judicial economy, achieve the purpose of 28 U.S.C. § 1407 to promote the just and efficient administration of the litigation, and will not prejudice any party in this matter. Indeed, staying the proceedings will allow the transferee court time, following the JPML's transfer of the related actions, to consider and then enter an appropriate schedule for all of the coordinated or consolidated proceedings, without needing to adjust potentially different schedules entered before transfer by different courts for individual actions.

WHEREFORE, the Movants respectfully request that this Court enter an Order extending all deadlines and staying the proceedings with respect all parties in this matter until 28 days after the JPML rules on Plaintiff's pending Motion for Transfer.

Dated: July 27, 2018                                    Respectfully submitted,

*/s/ David B. Spear*                                    */s/ Thomas L. Allen*
David B. Spear (PA Bar No. 62133)                       Thomas L. Allen (PA Bar No. 33243)
MINTO LAW GROUP, LLC                                    REED SMITH LLP
Two Gateway Center                                      225 Fifth Avenue
603 Stanwix Street, Suite 2025                          Pittsburgh, PA 15222
Pittsburgh, PA 15222                                    Tel: (412) 288-3066
Tel: (412) 201-5525                                     tallen@reedsmith.com
dspear@mintolaw.com

*Counsel for Plaintiff Utah Foam Products, Inc.*        *Counsel for BASF Corporation and, for purposes of this motion only, on behalf of the Moving Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2018, a copy of the foregoing **Agreed Motion to Extend All Deadlines Until After the Judicial Panel on Multidistrict Litigation Rules on Pending Motion for Transfer** was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the U.S. District Court for the Western District of Pennsylvania's electronic filing system.

*/s/ Thomas L. Allen*
Thomas L. Allen